IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE JOHNSON | : | CIVIL ACTION |
| v. | : | No. 19-5796 |
| ERIC TICE, et al. | : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, C.J.**                                                                                                      **July 28, 2021**

      Pro se Petitioner Tyrone Johnson brings this habeas petition to vacate his Pennsylvania conviction and sentence for aggravated assault and possessing an instrument of crime. Johnson alleges violation of his due process rights by ineffective assistance of counsel and prosecutorial misconduct. The first claim is based on failure to present witnesses during trial. The second claim founds itself on evidence—namely, medical records showing Johnson was treated for epilepsy—not presented at trial. In a Report and Recommendation (R&R), United States Magistrate Judge Henry S. Perkin recommends denying Johnson's Petition because the claims are unexhausted, procedurally defaulted, and meritless. Johnson has not objected to Judge Perkin's R&R within the 14-day period allowed by 28 U.S.C. § 636(b)(1). Because the Court finds no error in the R&R, the Court will approve and adopt Judge Perkin's R&R and deny Johnson's petition without an evidentiary hearing.

**BACKGROUND**

      On September 18, 2013, a jury in the Philadelphia Court of Common Pleas convicted Johnson of aggravated assault and possessing an instrument of crime. Johnson was charged and convicted after he stabbed Maurice Washington during an altercation. Johnson claims Washington initiated the incident by punching him. After being struck, Johnson claims he hit a wall, blacked out due to seizure, and developed no memory of subsequent events. Washington and three other

eyewitnesses contested Johnson's version of events by testifying Johnson began the altercation before stabbing Washington five times with a knife.

On July 8, 2014, the court sentenced Johnson to an aggregate term of 10 to 20 years' imprisonment. After unsuccessfully appealing his conviction to the Pennsylvania Superior Court in 2016, Johnson filed a timely Post Conviction Relief Act (PCRA) petition on July 6, 2017. In that petition, Johnson argued ineffective assistance of counsel based on his lawyer's failure to file a post-sentence motion challenging the weight of the evidence. The PCRA court dismissed Johnson's petition on September 25, 2018. In October 2019, the Pennsylvania Superior Court affirmed the PCRA court's dismissal. Johnson did not seek review by the Pennsylvania Supreme Court.

Johnson filed the instant pro se habeas petition on November 25, 2019, and filed a brief in support on January 20, 2020. These documents contain two claims for relief. The first is ineffective assistance of counsel "for failing to call available witnesses and character witnesses prior to and during the commission of the trial." Pet. 1, ECF. No. 8. The only witness mentioned by name is Sylvester Barnes. Johnson provides a letter from his counsel stating Barnes "confirmed everything [Johnson] had told [counsel] in regard to the origins of this altercation." *Id.* at 7. Johnson argues Barnes would have "confirmed and collaborated" his "version of events." *Id.* at 3. He also claims Barnes's testimony would have been "of paramount importance," as it "would [have] [shone] light on the fact that the alleged victim . . . committed perjury and had been evicted from the rooming house prior to the incident." *Id.*

The second claim is based on prosecutorial misconduct for "failing to disclose [e]xculpatory [m]aterial [e]vidence of documented psychological evaluations and treatments." *Id.* at 1. Specifically, Johnson argues medical records from his treating physicians at Drexel

2

University, which documented his seizures and other related health isssues, should have been disclosed to him and his counsel. Johnson's brief includes documents detailing the treatment he received for epileptic seizures over the past 10 to 15 years. These documents were not presented at trial. Johnson alleges "the Assistant District Attorney . . . along with [Johnson's] own counsel . . . never disclosed petitioner's mental state of mind, along with seizures documented at the Drexel University Epilepsy Center Program." *Id.* at 4. Although Johnson's petition and brief, as well as the R&R classify this as a prosecutorial misconduct claim, it could—under the liberal construction standard for pro se pleadings—also be considered a claim for ineffective assistance of counsel.

On April 28, 2021, United States Magistrate Judge Henry S. Perkin issued an R&R addressing Johnson's petition. Judge Perkin recommended the Court dismiss the petition without an evidentiary hearing because Johnson's claims were not exhausted in state court, are procedurally defaulted, and are meritless. Judge Perkin also recommended the Court decline to issue a certificate of appealability because no reasonable jurist could debate whether the petition states a valid claim for denial of a constitutional right. Johnson has not filed objections to the R&R within the period allowed by 28 U.S.C. § 636(b)(1).[1]

**DISCUSSION**

Pursuant to 28 U.S.C. § 2254, an application for a writ of habeas corpus shall not be granted as to any claim adjudicated on the merits in a state court proceeding unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Chapter 28 of the United States Code § 636(b)(1) provides, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations [of the Magistrate Judge] as provided by rules of the court." Here, the R&R was mailed to Johnson on April 29, 2021.

3

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Because Johnson has not objected to the R&R during the allowed period, the Court need not review the R&R de novo.[2] Regardless, upon the Court's review of the R&R, the Court finds no error and will approve and adopt it fully.

In his R&R, Judge Perkin finds Johnson's claims unexhausted, procedurally defaulted, and meritless. This Court may deny a habeas corpus petition on the merits even if a petitioner fails to exhaust all state-court remedies. *See* 28 U.S.C. § 2254(b)(2). Noting that Johnson's claims are unexhausted and procedurally defaulted, the R&R goes on to address the Petition's merits. The Court finds no error in doing so. The R&R classifies Johnson's claims as an ineffective counsel claim and a prosecutorial misconduct claim, which will be addressed in turn.

Johnson's ineffective assistance of counsel claim rests on "fail[ure] to call available witnesses and character witnesses prior to and during the commission of the trial." Pet. 1. This claim is factually distinct from the ineffective assistance of counsel claim dismissed by the PCRA court in 2018 and the Pennsylvania Superior Court in 2019. The PCRA claim stated Johnson's counsel improperly failed to file a post-sentence motion challenging the weight of the evidence. Because Johnson did not raise the petition's ineffective assistance of counsel claim in state court, it is unexhausted. *See Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir. 2004) (considering a claim unexhausted until the Pennsylvania Superior Court reviews the PCRA court's judgement). In this case, Pennsylvania procedural rules bar Johnson from seeking further relief in state court. Thus, the claims are procedurally defaulted.

---

[2] Pursuant to 28 U.S.C. § 636(b)(1), the District Court reviews de novo "those portions of the report . . . to which objection is made."

But procedural default may be excused for cause and prejudice from a violation of federal law, or for ineffective assistance of counsel during initial collateral review. *See Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012). The petition, however, does not allege cause, prejudice, or ineffective assistance of counsel. For this reason, Johnson cannot rely on an exception excusing default.

Regardless, Johnson's ineffective assistance of counsel claim fails because it lacks merit. To establish ineffective assistance of counsel for failure to call a witness, Johnson must establish:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

*Moore v. DiGuglielmo*, 489 F. App'x 618, 625 (3d Cir. 2012) (quoting *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003)).

As an initial matter, the unnamed witnesses mentioned in Johnson's petition and brief fail to meet the first *Moore* requirement, merely that the witness existed. The claim is thus meritless as to those witnesses. In his R&R, Judge Perkin correctly notes that Johnson's claim regarding Barnes—the only specifically-identified witness—may meet the first and third *Moore* requirements, but not the others. There is no indication that Barnes would have been available to corroborate Johnson's version of events. Or that Barnes was prepared to testify on Johnson's behalf. Or that Johnson, considering the weight of other evidence against him, was prejudiced without Barnes's testimony. Because the R&R correctly concludes that Johnson's ineffective assistance of counsel claim is meritless, this Court will approve and adopt it. The ineffective assistance of counsel claim will be dismissed on the merits without evidentiary hearing.

Relying on *Brady v. Maryland*, 373 U.S. 83 (1963), Johnson next claims the prosecution "fail[ed] to disclose [e]xculpatory [m]aterial [e]vidence of documented psychological evaluations and treatments that included neurology specialist[s] from Drexel University College of Medicine for seizure[s] and related mental issues." Pet. 1. The R&R first considers this claim unexhausted and procedurally defaulted. Regardless, the R&R correctly concludes the claim is meritless.

In his brief, Johnson includes forms from Drexel University College of Medicine showing he was treated for epilepsy over the past 10 to 15 years. Johnson claims the prosecution failed to disclose these documents to his counsel. And, as a result, evidence supporting Johnson's version of events—that during the incident he hit a wall, blacked out due to seizure, and stabbed the victim while unconscious—was not presented at trial.[3]

---

[3] While discussing the medical documents, Johnson cites *Commonwealth v. Fierst*, 620 A.2d 1196 (Pa. Super. Ct. 1993), a case addressing ineffective assistance of counsel claims. *See* Pet. 4–5, ECF No. 8. Johnson states he was, "prejudiced by the Prosecution and his own counsel" by failure to present the medical documents into evidence. Pet. 4. Although the R&R does not directly address this issue, the Court notes briefly that even if this claim were construed as an ineffective assistance of counsel claim, it would fail on the merits. *Strickland v. Washington* establishes a two-part test for evaluating ineffective assistant of counsel claims. 466 U.S. 668, 687 (1984). This claim fails to meet the second prong of that test: prejudice. A defendant is prejudiced by ineffective assistance of counsel when but-for counsel's "unprofessional errors, the result of the proceeding would have been different. A reasonable probability is sufficient to undermine confidence in the outcome." *Id.* at 694. At trial, Johnson testified about his history of epilepsy. And, under oath, Johnson gave his version of events: during the altercation started by Washington, Johnson suffered a seizure, blacked out, and involuntarily stabbed Washington. During closing arguments, the prosecution conceded that Johnson suffered from and was treated for epilepsy. Given the evidence presented at trial supporting Johnson's medical history, it is unreasonable to believe that introducing medical documents establishing treatment for epilepsy into evidence could have resulted in a reasonable probability of a different outcome. Other evidence, including testimony from the victim and three other eyewitnesses detailing how Johnson initiated the dispute before stabbing Washington five times, undermines Johnson's version of events. Although the medical records corroborate Johnson's history of and treatment for epilepsy, these records would not have reasonably persuaded jurors that Johnson was suffering a seizure during the altercation with Washington. The records themselves only speak to Johnson's history of illness and treatment. They do not evaluate whether Johnson suffered a seizure during (or just before) the altercation with Washington. Or whether Johnson suffered diminished capacity as a result of medication or seizure during the altercation with Washington. Overall, introducing these documents into evidence would not have

6

To establish a *Brady* violation, a defendant must show: (1) the evidence was favorable to him, in that it is exculpatory or impeaching of the government's evidence; (2) the evidence was "suppressed" by the state; and (3) the evidence was material such that the defendant was prejudiced by the failure to disclose it. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). The R&R assumes the first element is satisfied. But correctly concludes the two remaining elements are not.

First, Johnson offers no evidence of the state suppressing evidence. In his brief, Johnson argues his own counsel failed to present the included medical records as evidence. This supports an inference that the evidence—Johnson's own medical records—was available to Johnson and his counsel. For this reason, the petition does not establish *Brady*'s suppression requirement.

Second, the evidence included in Johnson's brief and petition is cumulative and withholding it did not therefore prejudice Johnson. At trial, counsel presented evidence of Johnson's history of epileptic seizures. Johnson testified he had epilepsy and had no memory of stabbing Washington due to seizure. The prosecution did not challenge this evidence. In fact, during closing arguments, the prosecution conceded Johnson had epilepsy and took medication to treat his ailment. The medical records establish only that Johnson had a recurring history of epilepsy and received medical treatment accordingly. They do not speak to whether Johnson had a seizure on the night of the altercation with Washington. Further, Johnson does not claim the records could have been used to impeach the prosecution's evidence. The medical records only reiterate evidence presented at trial. Accordingly, the evidence is cumulative and does not prejudice Johnson. *See Johnson v. Folino*, 705 F.3d 117, 129 (3d Cir. 2013) ("Suppressed evidence that would be cumulative of other evidence or would be used to impeach testimony of a witness

---

given rise to a reasonable probability of a different outcome at trial. Any ineffective assistance of counsel claim related to the medical documents would therefore fail on the merits.

whose account is strongly corroborated is generally not considered material for *Brady* purposes."). The Court will thus adopt the R&R regarding this second claim and dismiss it.

On the final issue, the Court will also adopt Judge Perkin's recommendation to not issue a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c) where a district court rejects the constitutional claims on the merits "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 472, 484 (2000). The Court does not find that a reasonable jurist could debate whether Johnson's claims have merit. Accordingly, the Court will approve and adopt the R&R and decline to issue a certificate of appealability.

An appropriate order follows.

                BY THE COURT:


                /s/  Juan R. Sánchez
               Juan R. Sánchez, C.J.